## Custody of X, a Minor

*Eric S. Coates,* for petitioner.
*Rogers A. Bender,* for respondent.

MacELREE, P. J., August 31, 1971.—The subject proceeding has been brought under section 302 of the Act of July 24, 1970, 1 PS §302, defined in its first section as the "Adoption Act."

We believe this proceeding to have been instituted under a misapprehension of the applicability of the statute relied upon by counsel for petitioner.

Article III of the present Adoption Act is entitled *"Proceedings Prior to Petition to Adopt."* (Italics supplied.)

Section 302, under the heading "Relinquishment to Adult Intending to Adopt Child" provides as follows:

"When any child under the age of eighteen years has been for a minimum period of thirty days in the exclusive care *of an adult or adults who have filed a report of intention to adopt* required by Section 331 the parent or parents of the child may petition the court for permission to relinquish forever all parental rights to the child." *

The child here involved is one          , aged five years, whose mother,          and father         , were living separate and apart at the time of the filing of this petition and each of whom had filed an action in divorce.

Prior to the institution of the subject proceeding, the proper division of this court had awarded custody of the child to its mother,       , and awarded visitation rights to its father,       , as by reference to said proceeding will more fully and at large appear.

The petition sets forth "Your petitioner is informed and believes *that there is no one who intends to adopt said child subsequent to any relinquishment of parental rights if granted by this Court.*"*

Under such a factual situation, this division of the court is of opinion that it has no jurisdiction to enter a decree of voluntary relinquishment or a decree of termination of parental rights where, as here, there is no adoption proceeding contemplated.

Accordingly, the following is entered as a

### DECREE

And now, August 31, 1971, the prayer of the petition is denied and the proceeding dismissed without prejudice to the rights of petitioner to seek a proper agreement with his former wife concerning either custody or support.

---

* Italics supplied.